UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-08705-MWF (MAAx) | **Date:** December 2, 2024 |
| **Title:** | Avery Burns v. Chloeta Holdings LLC et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]

Before the Court is Plaintiff Avery Burns' Motion to Remand (the "Motion"), filed on October 28, 2024. (Docket No. 11). Defendants Chloeta Holdings LLC and Chloeta Fire LLC (collectively, "Chloeta") filed an Opposition on November 4, 2024. (Docket No. 13). Plaintiff filed a Reply on November 8, 2024. (Docket No. 16).

The Court has read and considered the papers on the Motion and held a hearing on **November 25, 2024**.

The Motion is **DENIED**. Chloeta has proven to the Court's satisfaction that more than $75,000 is in controversy in this action.

## I.   BACKGROUND

Plaintiff commenced this action in Ventura County Superior Court on August 16, 2024. (Complaint (Docket No. 4, Ex. A)). Plaintiff alleges that Defendant (1) engaged in disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination, harassment, and/or retaliation in violation of FEHA; (4) failure to provide reasonable accommodations in violation of FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) wrongful termination; (7) retaliation in violation of Labor Code sections 98.6 and 1102.5; (8) failure to provide meal breaks in violation of Labor Code sections 226.7 and 512; (9) failure to provide rest breaks in violation of Labor Code section 226.7; (10) failure to provide accurate wage statements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-08705-MWF (MAAx) | **Date:** **December 2, 2024** |
| **Title:** Avery Burns v. Chloeta Holdings LLC et al. | |

in violation of Labor Code section 226; (11) waiting time penalties pursuant to Labor Code sections 201 and 203; and (12) failure to reimburse business expenses pursuant to Labor Code section 2802. (*See generally id.*).

On October 9, 2024, Chloeta removed this action by invoking the Court's diversity jurisdiction. (Notice of Removal (Docket No. 1) ¶ 3).

## II. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

When it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (internal citations and quotation marks omitted). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Therefore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-08705-MWF (MAAx) | **Date:** December 2, 2024 |
| **Title:** Avery Burns v. Chloeta Holdings LLC et al. | |

"[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original).

"[A] damages assessment may require a chain of reasoning that includes assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* Thus, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

### III. ANALYSIS

In seeking to remand this action, Plaintiff effectively argues only that Chloeta has failed to meet its burden of proof in establishing federal jurisdiction, and that a settlement demand sent by Plaintiff to Chloeta seeking $72,500 establishes that the amount in controversy threshold is not met. (Motion at 3-5). Plaintiff's other arguments—that the Court must remand when it lacks subject matter jurisdiction (*id.* at 3) and that the amount in controversy is established at the time of removal (*id.* at 5)—are simply legal maxims without specific applicability in this action. To the extent they are relevant, Plaintiff argues that future attorneys' fees cannot be used to calculate the amount in controversy at the time of removal, which simply does not comport with binding Ninth Circuit law. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) ("We have held that attorneys' fees awarded under fee-shifting statutes or contracts are part of the amount in controversy . . . . We may not depart from this reasoning to hold that one category of relief—future attorneys' fees—are excluded from the amount in controversy as a matter of law.") (internal citations omitted).

Contrary to Plaintiff's assertions, it is not ambiguous that the amount in controversy exceeds $75,000, and Plaintiff's post-removal settlement demand does not change that analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-08705-MWF (MAAx) | Date:  December 2, 2024 |
| Title:       Avery Burns v. Chloeta Holdings LLC et al. | |

***First***, Plaintiff states, in conclusory fashion, that Chloeta has not proven the amount in controversy by a preponderance of the evidence, as is required when the Complaint does not specify the amount sought.  *Abrego Abrego*, 443 F.3d at 683.  Plaintiff states that Chloeta has not provided the business records on which the amount in controversy is based and has not explained the applicability of the case law on which it relied in its Notice of Removal.  (Motion at 4).  These arguments are moot based on two propositions that Plaintiff advances: first, that the amount in controversy is determined at the time of removal, and second, that the Court may consider settlement demands in determining the amount in controversy.

As mentioned, Chloeta removed this action in October 2024.  (Notice of Removal ¶ 3).  In June 2024, Plaintiff sent Chloeta a demand letter seeking $245,000 to settle these claims.  (Opposition at 2; Declaration of Katelyn Sullivan (Docket No. 13-1) ¶ 2).  Pre-removal settlement demands that reveal that Plaintiff in fact values their claims at more than $75,000 are powerful evidence that more than $75,000 is in controversy.  *See Estrada v. KAG W.*, No. 24-cv-00257-KES-CDB, 2024 WL 2874591, at *7 (E.D. Cal. June 6, 2024) ("[Defendant] has shown that, including [Plaintiff's] claims for emotional distress damages, punitive damages, and attorneys' fees, the amount in controversy more likely than not exceeds $75,000.  [Plaintiff's] $250,000 settlement offer confirms this.").

Post-removal settlement offers, meanwhile, cannot divest the Court of jurisdiction if removal was proper in the first place—as Plaintiff points out, jurisdiction is determined at the time of removal, not based on subsequent developments.  This is rightly the case:  The federal courts do not seek to create a "get out of federal court free" card to any plaintiff who submits an undervalued settlement demand after removal.  The Court also notes that Plaintiff's post-remand settlement offer for $72,500 indicates that the actual amount in controversy is higher, because Plaintiff is willing to take $72,500 as a discount on the amount that Plaintiff could win at trial.  *See Patel v. Am. Econ. Ins. Co.*, No. C 12-04719 RS, 2012 WL 12899097, at *2 (N.D. Cal. Nov. 26, 2012) ("[Plaintiff's] offer to compromise for $74,999.99 reflects an expectation of greater recovery at trial.").  That is especially compelling evidence that the amount in controversy exceeds $75,000 where, as here, Plaintiff has refused to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-08705-MWF (MAAx) | **Date:  December 2, 2024** |
| **Title:** | Avery Burns v. Chloeta Holdings LLC et al. | |

stipulate to $75,000 as a damages cap.  *Mejia v. Parker Hannifin Corp.*, No. CV 17-08477-MWF (RAOx), 2018 WL 582325, at *5 (C.D. Cal. Jan. 26, 2018).

Plaintiff's pre- and post-remand settlement demands are evidence enough to find that this Court has jurisdiction.

***Second***, as in *Estrada*, Defendant here has proven to the Court's satisfaction that the various remedies Plaintiff seeks put more than $75,000 in controversy.  Plaintiff brings twelve claims and seeks compensation for lost wages and benefits and emotional distress, in addition to punitive damages and attorneys' fees.  (*See* Complaint at 37).  Putting to one side Plaintiff's alleged entitlement to lost wages and benefits and attorneys' fees, the emotional damages *or* the punitive damages alone place more than $75,000 in controversy.  The Court may consider emotional distress and punitive damage awards in similar cases to determine the amount in controversy, and awards in similar cases make clear that Plaintiff may be entitled to $75,000 (or much more) if he prevails on his claims.  *See, e.g.*, *Hill v. Asian American Drug Abuse Program Inc.*, No. BC582516, 2018 WL 2185593 (Cal. Super. Jan. 2, 2018) (awarding $2,668,700 in punitive damages and $1,357,749 for pain and suffering in FEHA disability discrimination matter); *Kolas v. Access Bus. Grp. LLC*, No. BC362432, 2008 WL 496470 (Cal. Super. Jan. 14, 2008) (awarding $200,000 in non-economic damages in disability discrimination matter).

In combination with Plaintiff's settlement demands, the Court finds that Defendants have proven by a preponderance of the evidence that the amount in controversy is met and therefore that this Court has jurisdiction over this action.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.